```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN

                                    )
                                    )
SILVIO SOTO, HOLY IRISH SOTO,       )
                                    )
             Plaintiffs,            )    Civil No. 2016-17
                                    )
        v.                          )
                                    )
DIRECTOR, VIRGIN ISLANDS BUREAU     )
OF INTERNAL REVENUE,                )
                                    )
             Defendant.             )
                                    )
                                    )
                                    )
```

**ATTORNEYS:**

**Alexander Golubitsky**
St. Thomas, U.S.V.I.
  *For Silvio Soto and Holy Irish Soto,*

**Claude Walker, AG**
**Hugh A. Greentree, AAG**
Virgin Islands Department of Justice
Law Offices of Andrew Simpson
St. Thomas, U.S.V.I.
  *For Director, Virgin Islands Bureau of Internal Revenue.*

## ORDER

**GÓMEZ, J.**

Before the Court are (1) the motion of Silvio Soto and Holy Irish Soto for summary judgment; and (2) the motion of the Virgin Islands Bureau of Internal Revenue for summary judgment.

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or . . . vague statements." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd.*

*of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

The premises considered, it is hereby

**ORDERED** that the motion of Silvio Soto and Holy Irish Soto for summary judgment docketed at ECF Number 34 is **DENIED**; it is further

**ORDERED** that the motion of the Virgin Islands Bureau of Internal Revenue for leave to file an amended statement of undisputed facts docketed at ECF Number 45 is **GRANTED**; and it is further

**ORDERED** that the motion of the Virgin Islands Bureau of Internal Revenue for summary judgment docketed at ECF Number 31 is **DENIED**.

S\_____
    **Curtis V. Gómez**
    **District Judge**